UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HAKEEM HALAJAWON ROSE,<br><br>Petitioner,<br><br>v.<br><br>SHERIFF,<br><br>Respondent. | CAUSE NO. 3:21-CV-546-JD-MGG |

OPINION AND ORDER

Hakeem Halajawon Rose, a prisoner without a lawyer, filed a habeas corpus petition challenging a decision at the Cass County Jail in which he was placed in restrictive housing to maintain the safety and security of the facility. According to the reports of correctional staff, this decision resulted from Rose's involvement in a verbal altercation among inmates that appeared likely to lead to a physical altercation. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

"[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). According to the petition, Rose did not lose good time credit or receive a demotion in credit class, nor is there any indication that his term of incarceration was otherwise extended. Instead, he seeks ten thousand dollars in compensatory damages for each day he remains in restrictive housing. "If a state

prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). "In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy." *Id.* Because Rose's claims do not relate to the fact or duration of his sentence, the court cannot grant him habeas relief.

Pursuant to Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Rose to proceed further. Additionally, Rose may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case;

(3) DENIES Hakeem Halajawon Rose a certificate of appealability; and

(4) DENIES Hakeem Halajawon Rose leave to proceed in forma pauperis on appeal.

SO ORDERED on July 30, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT